DANIEL
*vs.*
JUDY.

and criminal cases. The governor, having remitted the forfeiture as to the sureties before judgment on the *scire facias,* did not transcend his constitutional power.

---

## Daniel *vs.* Judy.

### ERROR TO THE CLARKE CIRCUIT.

14m316.
98 532

Case 5.

1. The 179*th section of the Code of Practice*, properly construed, does not authorize the court to take, as true, allegations of *value* or amount of *damage* made in the plaintiff's petition in ordinary cases, though not denied by the answer, and though there be no answer put into the petition.

2. The plaintiff alleged the taking and converting a quantity of coal by defendant, the property of plaintiff, of a certain value— defendant failed to answer. Held, that other proof of the value of the coal was necessary to authorize a judgment for the plaintiff.

3. The failure to appear to a suit by ordinary petition is a waiver of the right to a jury trial. *Code Practice, section* 373.

4. Where proof of a fact, or the assessment of damages, is necessary to enable the court to pronounce judgment upon a failure to answer, the record should show that there had been a trial by the court.

Judge SIMPSON delivered the opinion of the court.

June 9.

Judy brought an action against Daniel, and stated in his petition that he was, in the year 1852, the owner and in possession of a large quantity of stone coal; that the defendant had taken said coal out of the plaintiff's possession, and converted it to his own use, and that the coal, thus taken possession of by the de-

DANIEL
vs.
JUDY.

fendant, was worth $100, wherefore he prayed judgment for $100, the value of the coal, and fifty dollars damages for the unlawful taking and detention of the same. The defendant did not appear, but made default, and thereupon the court pronounced a judgment against him for one hundred dollars damages, and the costs of the action. To reverse that judgment the defendant has prosecuted a writ of error, and contends that it was erroneous for the court to enter a judgment without the intervention of a jury to assess the damages to which the plaintiff was entitled, or if a jury was not necessary, the court should have required proof to have been made of the value of the plaintiff's coal, which had been taken possession of by the defendant.

1. The 179th section of the Code of Practice, properly construed, does not authorize the court to take, as true, allegations of *value* or amount of *damage* made in the plaintiff's petition in ordinary cases; though not denied by the answer, and though there be no answer put in to the petition.

By section 179, of the Code of Practice, every material allegation of the petition, not specifically controverted by the answer, is, for the purposes of the action, to be taken as true; but the same section contains a provision, that allegations of value or of amount of damage shall not be considered as true by the failure to controvert them.

If then the defendant answers, and does not controvert the allegations of value, or of amount of damage, made by the plaintiff in his petition, they are not, because of such failure, to be considered as true, but must be proved. The same reason which makes it incumbent on the plaintiff to prove such allegations, when the defendant has answered, but has failed to controvert them, applies with equal or greater force where the defendant has not appeared at all. In neither case does the defendant controvert the allegations of value, but in the case first mentioned, he had an opportunity to do so, and in the other he may have been prevented by some unavoidable casualty from answering at all.

2. The plaintiff alleged the taking and converting a quan-

The allegations of the value of the coal could not then, in this case, be considered as true, but proof of the value of the coal was necessary before any judgment for the plaintiff could be rendered, notwithstand-

ing the defendant made default altogether, until after the judgment was rendered.

By the 373d section of the Code it is provided, that the trial by jury may be waived by the parties, in actions arising on contract, and, with the assent of the court in other actions, by failing to appear at the trial. Now, as the defendant failed to appear in this case, he waived the trial by jury, and the court had a right to try the case without the intervention of a jury.

But the judgment against the defendant was rendered by default, and no assessment of damages was made, or proof heard by the court for that purpose; but the amount of the judgment was regulated and determined by the allegations contained in the plaintiff's petition alone.

Where the proof of a fact, or the assessment of damages is necessary to enable the court to pronounce judgment upon a failure to answer, the record should show that there had been a trial by the court, so that it might at least impliedly appear that the allegations of value, or of amount of damage, contained in the plaintiff's petition, had not been exclusively relied on to ascertain and determine the amount of the judgment.

Wherefore, the judgment is reversed, and cause remanded for a trial in conformity with the principles of this opinion.

CHILES for the plaintiff.

tity of coal by defendant, the property of plaintiff, of a certain value—defendant failed to answer. Held, that other proof of the value of the coal was necessary to authorize a judgment for the plaintiff.

3. The failure to appear to a suit by ordinary petition is a waiver of the right to a jury trial. (Code of Practice, section 373.)

4. Where proof of a fact, or the assessment of damages, is necessary to enable the court to pronounce judgment upon a failure to answer, the record should show that there had been a trial by the court.